IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL HARDER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 05 C 5800 |
| VILLAGE OF FOREST PARK, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniel Harder brings this action for a temporary restraining order enjoining defendant Village of Forest Park, its agents and employees, from terminating plaintiff's employment and from future retaliation pending a full hearing in this court. Additionally, the Board of Police and Fire Commissioners of the Village of Forest Park (Board) petition to intervene. For the reasons set forth below, we deny plaintiff's motion for a temporary restraining order and grant the Board's petition to intervene.

## BACKGROUND

For purposes of this motion the facts are taken from plaintiff's complaint. Plaintiff was hired by defendant in 1983 as a police officer, and was subsequently promoted in 2001 to his current rank of sergeant. Plaintiff suffers from serious hemorrhoids, requiring surgery in 1992, 1994 and 1995. He has continued to suffer intermittent problems since his last surgery. In late 2004 and early 2005, due to flare-ups in his condition, including acute hemorrhoidal flare with rectal fissure, he was forced to intermittently call in sick to his job. Upon the advice of a specialist in internal medicine, on January 31, 2005, plaintiff requested medical leave under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* On February 4, 2005,

defendant granted plaintiff the requested medical leave for the period running from February 5, 2005, to approximately April 30, 2005. Plaintiff was cleared for work on April 15, 2005, and returned to work the following day. Two months later, on June 10, 2005, James Ryan, Forest Park Chief of Police, informed plaintiff that due to his excessive absenteeism, he would not be permitted to continue working and would be placed on administrative leave with pay. In calculating his absenteeism, Ryan included plaintiff's medical leave under FMLA. On August 18, 2005, Ryan filed formal charges against plaintiff with the Board for excessive absenteeism and one incident of swearing at a subordinate officer. Thereafter, on September 1, 2005, the Board placed plaintiff on unpaid administrative leave and set a hearing date for November 13, 2005, to terminate plaintiff's employment.[1] The Board's actions regarding plaintiff's employment have been and will be made pursuant to 65 ILCS 5/10-2.17, under which the Board must afford plaintiff a fair and impartial hearing prior to termination. Because plaintiff argues that such efforts to terminate his employment are retaliatory discharge in violation of FMLA, he brings this action seeking injunctive and monetary relief. We find that plaintiff has not alleged an irreparable injury and deny his motion for a temporary restraining order.

## DISCUSSION

A temporary restraining order (TRO) is an emergency remedy designed to maintain the status quo until a hearing can be held on the merits. <u>Abbott Lab. v. Andrx Pharm., Inc.</u>, 2005 WL 1273105, *1 (N.D.Ill.2005). It is designed to decrease the parties' hardships pending a final resolution of the lawsuit. *Id.* In the Seventh Circuit, the standards for a TRO and a

---

[1] The complaint, filed on October 7, 2005, states that the Board hearing was scheduled for October 13, 2005 (plf's mo. at ¶ 16). Plaintiff's reply to defendant's opposition brief, filed October 31, 2005, indicates that the hearing is scheduled for November 13, 2005 (plf's reply at ¶ 21). We assume this inconsistency is either a typographical error in the complaint, or due to a continuance of the hearing. Because the reply was filed at a later date, after the original hearing was to take place, we assume the November 13, 2005, date is correct.

preliminary injunction are virtually identical. *Id.*

In order to demonstrate the requisite elements for the grant of a TRO or preliminary injunction, plaintiff must show (1) he has a reasonable likelihood of success on the merits of the underlying claim; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm if the TRO is denied. Anderson v. U.S.F. Logistics (IMC), Inc., 274 F.3d 470, 474-475 (7th Cir.2001). Failure to establish any one of these elements is sufficient to deny a motion for TRO or preliminary injunction. *See* Abbott Lab. v. Mead Johnson & Co., 971 F.2d 6, 11 (7th Cir.1992). If plaintiff can show the aforementioned elements, we then consider whether the harm plaintiff will suffer if TRO is denied outweighs the harm defendant will suffer if TRO is granted, and account for the TRO's effect on the public interest. Anderson, 274 F.3d at 474-475 (7th Cir.2001). Because we find that plaintiff cannot establish irreparable harm for which there is no adequate remedy at law, we do not address the remaining factors.

To demonstrate irreparable injury, plaintiff must show that he will suffer immediate harm that cannot be rectified by final judgment after trial. Anderson, 274 F.3d at 478. Plaintiff argues that upon termination he will "lose the necessary means to support his family, as well as life and health insurance benefits" (plf's reply at ¶ 11). He further argues that "[i]n light of his serious health condition ... loss of his health insurance will have grave and irreversible consequences as he will be unable to treat his medical condition," contending that termination of health insurance benefits constitutes irreparable harm sufficient to grant injunctive relief (plf's reply at ¶¶ 12, 13). Plaintiff suggests that Coppotelli v. Rockford Spring Co., 1993 WL 114563 (N.D.Ill.1994), supports his position. In Coppotelli, plaintiff sought a TRO regarding health care coverage that his defendant employer intended to terminate. The court found that plaintiff's showing that he was unable to obtain alternative health insurance coverage was sufficient to show irreparable harm. Coppotelli, 1993 WL 114563, at *3. In this

case plaintiff has not entered any documentation that he is unable to secure any health insurance benefits. Plaintiff also points to two cases outside of this circuit, Cabral v. Olstein Corp., 843 F.Supp. 701 (M.D.Fl.1994) and Mamula v. Satralloy, 578 F.Supp. 563 (S.D.Ohio 1983), to support his position. The Seventh Circuit, however, has consistently held that loss of wages, employee benefits, and promotion opportunities do not constitute irreparable harm. *See* Ciechon v. City of Chicago, 634 F.2d 1055, 1057 (7th Cir.1980) (overturning preliminary injunction granted by the district court because intervenor's loss of income and employee benefits during a suspension was not irreparable; if they were vindicated at appeals hearing, they would receive backpay and be restored to their respective ranks). *See also* East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co., 414 F.3d 700 (7th Cir.2005); Shegog v. Board of Educ. of City of Chicago, 194 F.3d 836 (7th Cir.1999); Lasco v. Northern, 733 F.2d 477 (7th Cir.1984); Chicago Typographical Union, No. 16 v. Chicago Newspaper Publishers' Ass'n, 620 F.2d 602 (7th Cir.1980); D'Acquisto v. Washington, 640 F.Supp. 594, (N.D.Ill.1986). Such is the case for plaintiff in this action. Any injuries he may sustain can be remedied through monetary damages at the close of this litigation.

Because we find that plaintiff has not evidenced that he will suffer irreparable injury not remediable by monetary damages, we must deny his motion for a temporary restraining order. *See* Brown v. City of Chicago, 917 F.Supp. 577 (N.D.Ill.,1996) (finding that plaintiffs' failure to establish irreparable harm was sufficient to deny their preliminary injunction motion).

Finally, we address the Board's petition to intervene in order to "maintain and protect the integrity of the state statutory system that ascribes to the Board the responsibility of providing a fair and impartial hearing on charges filed by the Chief which seek the termination of Sergeant Harder's employment with the Forest Park Police Department" (pet.

at ¶ 3). Because maintenance of the statutory scheme is an important interest and any decision by this court to enjoin such termination would impact the Board, we grant the petition to intervene.

We analyze this petition pursuant to FED. R. CIV. P. 24(b), which states:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

In determining whether to grant a permissive intervention we should consider delay and prejudice, the nature and extent of intervenor's interest, whether such interests are adequately represented by other parties, and whether the intervenor will contribute to the full development of the underlying factual issues. <u>Riverstone Group, Inc. v. Big Island River Conservancy Dist.</u>, 2005 WL 2001154, *5 (C.D.Ill.2005). In this case, because the litigation is in early stages and the Board takes no position as to the substantive merits of claims or defenses presented[2], allowing intervention will cause no delay or prejudice.

Although 65 ILCS 5/10-2.1-17 exists in part to protect plaintiff, guaranteeing that a police officer can be discharged only for cause, upon written charges and after an opportunity to be heard in his own defense (*See* <u>DeGuiseppe v. Village of Bellwood</u>, 1995 WL 12265, *9

---

[2] The Board's petition to intervene does not fail for the party's lack of interest in the substantive merits of the case. Because the Board has an interest in the process by which officers in plaintiff's position are considered for termination, and will be bound by a ruling in this case, such an interest is sufficient for intervention. *See* <u>Buckley v. Illinois Judicial Inquiry Bd.</u>, 801 F.Supp. 83, 106 (N.D.Ill.1992) ("Permissive intervention under Rule 24(b) does not require that the intervenor have an interest in the subject matter of the dispute," allowing intervention where intervenor had a "loose" interest because its members would be affected by a determination of the rule's constitutionality).

(N.D.Ill.1995)), neither plaintiff nor defendant has the individual interest to protect the administrative scheme set out by the Illinois legislature. The purpose of 24(b) will be served if the Board is allowed to intervene in this action in order to clarify the purpose and procedure of 65 ILCS 5/10-2.1-17.

Additionally, if we enjoin defendants from terminating plaintiff's employment, the Board will be affected by such ruling. The Board will be enjoined from terminating plaintiff and will have to account for such a ruling in its future decision-making. In an effort to provide for uniformity in decision-making in the future, the Board should be a party to this action.

Although the Board did not follow the procedures set forth in FED. R. CIV. P. 24(c), requiring that the motion for intervention be accompanied by a pleading setting forth the claim or defense for which intervention is sought, such a failure does not automatically bar intervention. *See* Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 595 (7th Cir.1993) ("Whether to permit a procedurally defective motion to intervene is within the sound discretion of the district court"); S.E.C. v. Householder, 2005 WL 281222, *3 (N.D.Ill.2005) (allowing a procedurally defective motion to intervene where no prejudice would result). Therefore, we grant the Board's petition to intervene.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a temporary restraining order is denied and the Board's petition to intervene is granted.

                                                                            JAMES B. MORAN
                                                        Senior Judge, U. S. District Court

Nov. 14, 2005.