IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL HARDER,<br><br>                Plaintiff,<br><br>vs.<br><br>VILLAGE OF FOREST PARK,<br>ANTHONY CALDERONE,<br>JAMES RYAN, SALLY CODY, and<br>MICHAEL CODY,<br>                Defendants<br><br>THE BOARD OF FIRE AND<br>POLICE COMMISSIONERS<br>OF THE VILLAGE OF FOREST PARK,<br>                Intervenor. | No. 1:05-cv-05800<br><br>Honorable James B. Moran<br><br>Magistrate Judge Nan R. Nolan<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

**PLAINTIFF'S RESPONSE TO DEFENDANT CALDERONE'S MOTION TO DISMISS**

NOW COMES Plaintiff, Daniel Harder, by and through his attorneys, Clancy and Stevens, and in response to the Motion to Dismiss filed by Anthony Calderone ("Calderone"), states as follows:

**Factual Background**

1. Daniel Harder ("Harder") is a highly decorated police sergeant with over twenty-three years of service with the Forest Park Police Department.

2. In September 2002, Harder filed an EEOC complaint against the Forest Park Police Department ("Department") and then Police Chief Ed Pope ("Pope") for employment discrimination arising out of sexual harassment. Harder also assisted fellow police officers Andrea Caines ("Caines") and Maureen Frawley ("Frawley") in bringing charges before the EEOC against Pope and Lt. Michael Cody for employment discrimination arising out of sexual harassment and sexual battery (Caines only). Michael Cody was subsequently criminally

convicted of sexual battery against Caines.

3.      In October 2002, Harder, Frawley and Caines filed suit pursuant to Title VII in the United States District Court for the Northern District of Illinois against the Department. In January 2003, the suit was amended to properly identify the Village of Forest Park as the defendant.

4.      Harder's action was settled in January 2004.

5.      Since October 2003, Harder has been continually subjected to repeated retaliation and discipline for having brought, and assisted others in bringing, a Title VII lawsuit against the Village of Forest Park. (*See* Exhibit 1, First Amended Complaint)

6.      Harder has also been subject to repeated retaliation for taken approved medical leave pursuant to the Family Medical Leave Act, campaigning in favor of a political opponent of Calderone, and for voicing his concerns to current Police Chief James Ryan ("Ryan") regarding police brutality occurring within the department. (*See* Exhibit 1)

7.      The latest salvo of retaliation (but certainly not the first) against Harder is the initiation of termination proceedings brought by Ryan pursuant to 65 ILCS 5/10-2.1-17 in front of the Board of Police and Fire Commissioners of Forest Park ("Board"). The hearing has gone on for nearly a year.

8.      One of Ryan's charges against Harder is the allegation of excessive absenteeism. Initially, Ryan accused Harder of taking 54.5 sick days in a calendar year. In calculating Harder's sick time, Ryan included Harder's medical leave taken in February 2005 pursuant to the Family Medical Leave Act. Based on these charges, on September 1, 2005, the Board suspended Harder without pay. Currently, Harder has spent over 319 days without pay.

9. In response to Harder's Petition for Temporary Restraining Order filed on October 7, 2005, Ryan amended his charges. Harder is now accused of excessive absenteeism for taking 11.5 sick days, despite the fact that his union contract permits 80 sick days in a calendar year, and he was diagnosed by the doctor hired by the Village, Dr. Lisa Woody, as having a serious health condition.

10. Further, in an Orwellian juxtaposition, Ryan appointed Lt. Michael Cody to investigate charges that Harder used profanity to an subordinate officer, Officer Young Lee. This is the same Michael Cody convicted of sexual battery against Andrea Caines and whom the Board of Police and Fire Commissioner in a separate proceeding declined to discipline despite his criminal conviction. One of Ryan's charges in seeking Harder's termination is the single use of profanity against Officer Lee.

11. Lastly, Sally Cody, who is Michael Cody's ex-wife and administrative assistant to Calderone and Deputy Village Clerk, sought to discipline Harder for campaigning for Lt. Steven Johnsen in 2005. Lt. Johnsen was seeking the position of trustee of Proviso Township and is a political opponent of Calderone.

12. On August 10, 2005, Harder filed a complaint with the EEOC against the Village of Forest Park alleging various acts of retaliation in violation of Title VII. (*See* Exhibit 2, EEOC Complaint) The EEOC issued a right to sue letter on December 14, 2005. (*See* Exhibit 3, Right to Sue Letter)

13. On October 7, 2005, Harder filed a petition for temporary restraining order against the Village of Forest Park to enjoin the bringing of formal termination charges before the Board of Police and Fire Commissioners of Forest Park because those termination charges were in

violation of the FMLA.

14. On March 9, 2006, Harder amended his complaint, and in addition to the Village of Forest Park, added Ryan, Sally Cody, Michael Cody and Calderone as defendants. Plaintiff's current complaint contains four counts and alleges Title VII retaliation against the Village of Forest Park; §1983 claims against Ryan, Sally Cody, Michael Cody, Calderone, and the Village; and FMLA claims against the Village of Forest Park. (*See* Exhibit 1)

**Argument**

*I.  Plaintiff Does Not Allege Title VII Retaliation Against Calderone*

15. Calderone improperly moves to dismiss Title VII retaliation charges pursuant to Fed. R. Civ. P. 12(b)(6). Calderone's motion states that "[b]ecause Mayor Calderone was not named as a defendant in the action before the EEOC, the instant claim against him must be dismissed." The instant claim referred to is a Title VII retaliation claim.

16. However, Plaintiff's current complaint does not allege Title VII retaliation by Calderone. The only charges of Title VII retaliation are alleged against the Village of Forest Park. (*See* Exhibit 1)

17. To the extent that any of the charges against Calderone may be later construed to encompass Title VII retaliation, such charges are indeed proper. *Kennedy v. Fritsch,* 1993 WL 761979, *6, No. 90 C 5446 (N.D. Ill. March 1, 1993); *See also Munford v. James T. Barnes & Co.,* 441 F. Supp. 459, 466 (E.D. Mich. 1977) (harassing supervisor and that supervisor's supervisor, who ignored plaintiff's complaints of harassment, were both appropriate Title VII defendants).

18. In fact, while Plaintiff did not name Calderone as a defendant, Plaintiff's EEOC

complaint references specific actions of adverse employment action taken against Harder that were ordered by Calderone. (*See* Exhibit 2, EEOC Complaint, pp. 4, 7)

19. "Ordinarily, a party not named in an EEOC charge may not be sued under Title VII." *Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 126 (7th Cir. 1989).

20. However, "there is an exception" where "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 905 (7th Cir.1981).

21. *Kennedy v. Fritsch* 1993 WL 761979, *7, No. 90 C 5446 (N.D. Ill. March 1, 1993), presents a factually similar circumstance. Kennedy, an employee at Morton's Steakhouse in Chicago, brought a Title VII sexual harassment lawsuit against Fritsch, President of Morton's. Fritsch had not been named as a defendant in the complaint filed with the EEOC. The Court permitted the lawsuit to continue despite the fact that Fritsch had not been named as a defendant in the EEOC complaint, "[b]ecause of Fritsch's position as president of Morton's, it may be presumed that he knew of the charges against Morton's and had an opportunity to participate in conciliation efforts on behalf of Morton's." *Kennedy,* 1993 WL 761979 at *7.

22. Likewise, Calderone was Mayor of Forest Park and in a position to receive notice of the EEOC complaint that made reference to his retaliation against Daniel Harder. Calderone also had opportunity to participate in any conciliation proceedings.

II. Plaintiff's §1983 First Amendment Claim Against Mayor Calderone Is Not Premature

23. Calderone argues Harder has not suffered an "injury in fact" and that his action is

"hopelessly premature" because an award of back-pay by the Board "could moot the § 1983 action against Mayor Calderone."

24. In *Burlington Northern and Santa Fe Ry. Co. v. White*, 2006 WL 1698953, *13, No. 05-259 (U.S. June 22, 2006), plaintiff had been suspended without pay but was eventually reinstated and given back pay. The defendant argued that because plaintiff received reinstatement and back-pay, plaintiff suffered no actionable injury. Nevertheless, the Supreme Court rejected this argument, stating:

> But White and her family had to live for 37 days without income. They did not know during that time whether or when White could return to work. Many reasonable employees would find a month without a paycheck to be a serious hardship. And White described to the jury the physical and emotional hardship that 37 days of having "no income, no money" in fact caused. 1 Tr. 154 ("That was the worst Christmas I had out of my life. No income, no money, and that made all of us feel bad. ⋯ I got very depressed"). Indeed, she obtained medical treatment for her emotional distress. A reasonable employee facing the choice between retaining her job (and paycheck) and filing a discrimination complaint might well choose the former. That is to say, an indefinite suspension without pay could well act as a deterrent, even if the suspended employee eventually received backpay. Cf. *Mitchell,* 361 U.S., at 292, 80 S.Ct. 332 ("[I]t needs no argument to show that fear of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions"). Thus, the jury's conclusion that the 37-day suspension without pay was materially adverse was a reasonable one.

*Burlington Northern,* 2006 WL 1698953 at *13.

25. Similarly, Harder has currently been suspended without pay for over 319 days and has suffered emotional distress arising from his suspension and his inability to provide financially for his family. Therefore, like in *Burlington Northern*, Harder has suffered an injury sufficient to create federal jurisdiction.

III.     The Board's Hearing Lacks a Sufficient State Interest to Warrant Federal Abstention

26.     Calderone moves the Court to dismiss the case and abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S.37 (1971), pending the outcome of the proceedings of the Board.  In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746 (1971), which involved a facial First Amendment-based challenge to the California Criminal Syndicalism Act, the Supreme Court held that absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions.

27.     The Supreme Court has also stated  that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236 (1976). "Abstention rarely should be invoked, because the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.' " *Ankenbrandt v. Richards,* 504 U.S. 689, 705, 112 S.Ct. 2206 (1992) (quoting *Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236).

28.     In *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515 (1982), the Court established a three-part test to determine if a *Younger* abstention was appropriate: first, is the state proceeding judicial in nature; second, do the state proceedings implicate important state interests; third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.

29.     Abstention pursuant to *Younger* is not "always appropriate whenever a civil proceeding is pending in a state court.' *Kendall-Jackson Winery, Ltd. v. Branson,* 82 F. Supp.2d 844, 857 (N.D. Ill. 2000), *quoting Pennzoil v. Texaco, Inc.,* 481 U.S. 1, 14 n.12, 107 S.Ct. 1519

(1987).

30.  In his motion, Calderone fails to describe any important state interest implicated by the proceedings before the Board.

31.  "The importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature, as in *Huffman* [v. *Pursue, Ltd.*, 420 U.S. 592, 611, 95 S.Ct. 1200, 1212 (1975).] Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation." *Middlesex,* 457 U.S. at 432, 102 S. Ct. at 2521 (1982).

32.  The proceedings pending before the Board involve only private parties, namely Ryan and Harder. Pursuant to 65 ILCS 5/10-2.1-17 and relevant Illinois decisions, any individual may file and prosecute charges in front of the Board. *Sherman v. Board of Fire and Police Com'rs of Highland,* 111 Ill. App. 3d 1001, 445 N.E.2d 1 (5th Dist. 1982) (by two private citizens)*; Flynn v. Board of Fire and Police Com'rs of Harrisburg,* 33 Ill. App. 3d 394, 342 N.E.2d 298 (5th Dist. 1975) (the victim of police assault); *Bloomquist v. Rehnberg*, 280 Ill. App. 1 (2nd Dist. 1935) (the wife of an officer).

33.  In *Kendall-Jackson Winery*, 82 F. Supp.2d at 857, the court ruled that a *Younger* abstention was inappropriate where the pending state court administrative action was not being prosecuted by the administrative agency and involved only private parties. The court ruled that in such a circumstance the "state has no more interest in the resolution of this dispute than it does in any private civil action taking place in the context of a regulated industry." *Kendall-Jackson*

*Winery,* 82 F. Supp.2d at 857.

34.    Similarly, the proceedings currently pending before the Board represent a private dispute between Ryan and Harder regarding Harder's employment and no important state interest is concerned.  Therefore, a Younger abstention is inappropriate.

WHEREFORE, Daniel Harder respectfully requests that this Honorable Court deny Defendant Calderone's Motion to Dismiss.

                Respectfully submitted,

                s/[Jeanine L. Stevens]
                Jeanine L. Stevens
                29 South La Salle Street, Suite220
                Chicago, IL 60603
                Phone:  (312) 782-2800
                Fax:     (312) 782-2852
                E-mail: jstevens@clancystevens.com

F:\Clancy\Harder.741\RespMotDismiss.wpd

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants Donald Scott Boyce, Jr., James DeAno, Charles Hervas, Matthew James Iverson, David Eric Jimenez-Ekman, Kara Nicole Lundy, Hope G. Nightingale, Stephen David Scallan, Laura Lee Scary, Andrew Theodore States, John R. Storino. The document(s) will be served upon David Schippers via facsimile.

      s/[Jeanine L. Stevens]
      Jeanine L. Stevens
      29 South La Salle Street, Suite220
      Chicago, IL 60603
      Phone: (312) 782-2800
      Fax: (312) 782-2852
      E-mail: jstevens@clancystevens.com