IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL HARDER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05 C 5800 |
| | ) | |
| VILLAGE OF FOREST PARK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dan Harder, a former sergeant with the Forest Park Police Department, brought this action against the Village of Forest Park, Mayor Anthony Calderone, Police Chief James Ryan, Sally Cody and Michael Cody, for claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, and for violations of his First, Fifth and Fourteenth Amendment rights under 42 U.S.C. § 1983. Plaintiff amended his complaint on March 9, 2006, and filed a second amended complaint on April 4, 2007. Defendants Calderone and Sally Cody ("Cody")(collectively "defendants") filed individual motions to dismiss the claims against them, which were granted in part and denied in part. *See* Harder v. Village of Forest Park, 466 F. Supp. 2d 1000 (N.D. Ill. 2006). Calderone has filed a motion for modification of that order, which Cody joins. Calderone and Cody also filed motions to dismiss plaintiff's second amended complaint. For the following reasons, defendants' motions are denied.

## BACKGROUND

The full background of this case having been sufficiently developed in this court's earlier opinions, we refer only to the facts relevant to these motions, which are taken from

plaintiff's complaint. *See* Harder, 466 F. Supp. 2d 1000; Harder v. Village of Forest Park, 2005 U.S. Dist. LEXIS 28068 (N.D. Ill. Nov. 14, 2005). Plaintiff alleges that during his employment as an officer with the Forest Park Police Department he exercised his First Amendment right to free speech by filing a sexual harassment claim against the Village and in assisting two other officers in doing the same. Plaintiff further exercised this right when he informed his supervisors of suspected incidents of police brutality. Plaintiff also agreed to testify on behalf of a woman who filed a sexual harassment claim against a friend of Calderone's. Additionally, while on FMLA leave, plaintiff passed out flyers in support of a political opponent of Calderone. Plaintiff alleges that because of these actions, Calderone and Cody, along with other defendants, engaged in a pattern of harassment and retaliation, including (specific to Calderone and Cody) causing plaintiff to be stripped of his duties, the filing of a false citizen complaint against him, soliciting a fellow officer to testify against him in a potential disciplinary hearing, and bringing charges against him causing his suspension and ultimate termination from the force.

The chief of police ultimately brought misconduct charges against plaintiff – ten counts stemming from three incidents. Charges 1-7 involved an incident where plaintiff used profanity against a subordinate officer; charge 8 alleged that plaintiff was not truthful to his superior when the superior called him to ascertain where he was during a sick day; charge 9 accused plaintiff of abusing his sick time privileges; and charge 10 alleged plaintiff's failure to be truthful during an internal investigation interrogation regarding these incidents. A hearing was held before the Board of Fire and Police Commissioners of Forest Park commencing on November 3, 2006, and concluding on October 12, 2006. The board sustained all ten charges against plaintiff, and after hearing aggravation and mitigation evidence, on

February 1, 2007, ordered plaintiff's discharge from his post. Prior to the conclusion of the board hearing and order of termination, this court denied defendants' motions to dismiss plaintiff's First Amendment retaliation claim. We found plaintiff had sufficiently alleged an injury caused by defendants' personal actions. We further declined to abstain from hearing plaintiff's First Amendment claim because it was our determination that that claim would not call into question the board's decision, regardless of the outcome of the board proceedings.

Defendants filed motions for modification of our November 6, 2006, opinion, alleging that any action taken by this court regarding plaintiff's First Amendment claim would necessarily call into question the board's decision. They argue that since the board sustained the charges brought against plaintiff, and found plaintiff properly terminated, it follows that plaintiff was terminated for constitutionally permissible reasons. And that any determination by this court that Calderone and Cody's involvement in plaintiff's termination was in retaliation for his exercise of his First Amendment rights would call into question this decision. They further allege that since plaintiff was terminated for constitutionally permissible reasons, any constitutionally impermissible conduct is not actionable because there is no causal relation between that action and plaintiff's termination. They argue that at the very least, we must stay these proceedings pending the Illinois state court or this court's review of the board's ruling.[1] Subsequent to the filing of these *motions*, plaintiff amended his complaint a second time. Defendants then filed motions to dismiss the second amended complaint, incorporating within

---

[1]As part of plaintiff's second amended complaint, he added a claim requesting this court's review of the board's ruling. Defendants did not request that this court decline exercising supplemental jurisdiction over the review, and thus we deem such a request waived. This review is within our original jurisdiction where, as here, the plaintiff has raised federal claims which are not confined to the administrative record and are substantial. City of Chicago v. Int'l College of Surgeons, 522 US. 156, 167-68 (1997). Nor do we find that the Burford or Pullman abstention doctrines apply here. Int'l College of Surgeons v. City of Chicago, 153 F.3d 356, 362-366 (7th Cir. 1998).

them the briefs from the motions for modification. For that reason, we are able to decide these two sets of motions at the same time.

## ANALYSIS

In a § 1983 action, a court must give the same preclusive effect to administrative findings as would a court in Illinois. <u>Goodwin v. Bd. of Trustees of Univ. of Ill.</u>, 442 F.3d 611, 620 (7th Cir. 2006). In Illinois, "fact issues finally decided in an administrative proceeding that is judicial in nature precludes litigation of those same fact issues in a subsequent proceeding." *Id.* (quoting <u>Village of Oak Park v. Ill. Dep't of Employment Sec.</u>, 332 Ill. App. 3d 141, 772 N.E.2d 951, 953 (Ill. App. 2002)). Collateral estoppel, or fact preclusion, applies where (1) a material fact issue decided in an earlier adjudication is identical to the one in the current proceeding; (2) there was a final judgment on the merits in the earlier adjudication, and (3) the party against whom estoppel is asserted was a party or was in privity with a party in the earlier adjudication. *Id.* There is no question that plaintiff was a party to the earlier adjudication, or that the board's decision represented a final judgment on the merits. The only issue we must determine is whether the material fact issues determined by the board are identical to plaintiff's First Amendment claims. We conclude that they are not.

"To establish a cause of action for retaliation in violation of the First Amendment, a public employee must demonstrate that he has suffered an adverse employment action motivated by the exercise of his right to free speech." <u>DeGuiseppe v. Village of Bellwood</u>, 68 F.3d 187, 191 (7th Cir. 1995). The term "adverse employment action," as used here, is not the same as that required for claims under Title VII. <u>Mosely v. Bd. of Ed. of the City of Chicago</u>, 434 F.3d 527, 533 (7th Cir. 2006). Rather, "any deprivation under color of law that is likely to deter the exercise of free speech . . . is actionable." *Id.* (citing <u>Power v. Summers</u>, 226 F.3d 815,

820 (7th Cir. 2000)).  Plaintiff has alleged that Calderone violated his First Amendment rights

by causing charges to be brought against him resulting in his termination, and we agree with

defendants that because of the doctrine of collateral estoppel plaintiff cannot re-litigate that

issue here.  However, this preclusion is not so broad as to cover plaintiff's other allegations of

retaliation not considered by the board.

Plaintiff alleges that a false citizen complaint was filed against him because Calderone

resented his sexual harassment suit against the village.  He further alleges that he was told that

he was relieved of his duties to conduct children's grant programs because he agreed to testify

against a friend and supporter of Calderone.  Actions such as diminished responsibilities and

false accusations can serve as the basis of a First Amendment retaliation action. DeGuiseppe,

68 F.3d at 192.  These instances were never considered by the board, and the board's findings

of fact make no mention of these allegations of retaliation.  Therefore, plaintiff's claims are not

precluded by the board's decision.  Further, while plaintiff has not alleged that Calderone was

the one who filed the complaint or relieved him of his duties, it is sufficient that the conduct

occurred "at his direction or with his knowledge and consent." Hildebrandt v. Ill. Dept. Of Nat.

Resources, 347 F.3d 1014, 1039 (7th Cir. 2003).  We have inferred from plaintiff's complaint that

Calderone knew of plaintiff's actions and caused these acts of retaliation to be taken against

him.  Thus, plaintiff can proceed on his claim against Calderone, and  Calderone's motion for

modification and his motion to dismiss plaintiff's second amended complaint are denied.

Plaintiff's allegation against Cody similarly survives preclusion.  Plaintiff alleges that

as a result of the exercise of his First Amendment rights (passing out flyers for a political

opponent of Calderone's), Cody retaliated by calling a fellow officer, Michael O'Connor, and

seeking O'Connor's testimony against plaintiff in a termination hearing for abuse of his FMLA

leave. At first glance this act of retaliation may appear precluded by the board's decision, but upon further consideration we find it is not. The charges filed against plaintiff did not include abuse of FMLA leave by way of plaintiff's political actions – they did not include abuse of FMLA leave at all. Furthermore, while O'Connor did in fact testify at the hearing, he was not permitted to testify regarding the facts about which Cody called him. Plaintiff's attorney called O'Connor at the board hearing and attempted to raise that issue with him, but the attorney for the police chief objected as to its relevance, and the board never heard the testimony, considered the issue, or made a finding of fact in relation to it (Admin. Rec. pp. 702-706.) Thus, plaintiff's claim is not precluded by the board's decision, and Cody's motion for modification and her motion to dismiss plaintiff's second amended complaint are denied.

We further find that even though plaintiff cannot allege damages relating to his termination, for the reasons set forth herein, he has alleged sufficient other damages (mental and emotional suffering, distress, embarrassment and humiliation) to constitute a cognizable and redressable injury.

## CONCLUSION

For the foregoing reasons, defendants Calderone and Cody's motions for modification and to dismiss plaintiff's second amended complaint are denied.

James B. Moran
**JAMES B. MORAN**
Senior Judge, U. S. District Court

June 5 , 2007.